UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ALEX AGUAYO,<br><br>        Plaintiff,<br><br>    v.<br><br>JOHN N. KATAVICH, et al.,<br><br>        Defendants. | Case No.: 1:13-cv-1454-JLT (PC)<br><br>ORDER DISMISSING THE COMPLAINT WITH LEAVE TO AMEND<br><br>(Doc. 1) |

Plaintiff Alex Aguayo ("Plaintiff") is a state prisoner proceeding pro se in a civil rights action pursuant to 42 U.S.C. § 1983. As is required by 28 U.S.C. § 1915(e)(2)(B), the Court presently screens the complaint, and, for the reasons set forth below, **DISMISSES** the complaint with leave to amend.

I.     PLEADING STANDARDS

    A.   Fed. R. Civ. P. 8(a)

"Pro se documents are to be liberally construed" and "'must be held to 'less stringent standards than formal pleadings drafted by lawyers.'" Estelle v. Gamble, 429 U.S. 97, 106 (1976) (quoting Haines v. Kerner, 404 U.S. 519, 520-21 (1972)). "[They] can only be dismissed for failure to state a claim if it appears 'beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief.'" Id. Under Federal Rule of Civil Procedure 8(a), "[a] pleading that states a claim for relief must contain: (1) a short and plaint statement of the grounds for the court's

1

jurisdiction, . . . ; (2) a short and plain statement of the claim showing that the pleader is entitled to relief; and (3) a demand for the relief sought." Fed. R. Civ. P. 8(a).  Each allegation must be simple, concise, and direct. Fed. R. Civ. P. 8(d)(1).  While a complaint "does not need detailed factual allegations, a plaintiff's obligation to provide the 'grounds' of his entitlement to relief requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555-56 (2007) (internal quotation marks and citations omitted).

In analyzing a pleading, the Court sets conclusory factual allegations aside, accepts all non-conclusory factual allegations as true, and determines whether those non-conclusory factual allegations accepted as true state a claim for relief that is plausible on its face.  Ashcroft v. Iqbal, 556 U.S. 662, 676-684 (2009).  "The plausibility standard is not akin to a probability requirement, but it asks for more than a sheer possibility that a defendant has acted unlawfully."  (Id. at 678) (internal quotation marks and citation omitted).  In determining plausibility, the Court is permitted "to draw on its judicial experience and common sense." Id. at 679.

**B. 42 U.S.C. § 1983[1]**

In order to sustain a cause of action under 42 U.S.C. § 1983, a plaintiff must show (i) that he suffered a violation of rights protected by the Constitution or created by federal statute, and (ii) that the violation was proximately caused by a person acting under color of state law. *See* Crumpton v. Gates, 947 F.2d 1418, 1420 (9th Cir. 1991). The causation requirement of § 1983 is satisfied only if a plaintiff demonstrates that a defendant did an affirmative act, participated in another's affirmative act, or omitted to perform an act which he was legally required to do that caused the deprivation complained of. Arnold v. IBM, 637 F.2d 1350, 1355 (9th Cir. 1981) (*quoting* Johnson v. Duffy, 588 F.2d 740, 743-44 (9th Cir. 1978)).

///

///

---

[1] Plaintiff also asserts that he brings his matter under Haines v. Kerner, 404 U.S. 519 (1972) (holding that pro se plaintiff's pleadings are held to less stringent standards than those drafted by lawyers).  However, this case has no bearing on Plaintiff's substantive claim.

## III. PLAINTIFF'S COMPLAINT

With his complaint only three pages in length, Plaintiff provides a concise pleading. However, he fails to provide sufficient facts to state any cause of action. Rather, Plaintiff merely submits a laundry list of grievances against Katavich, the Warden of Wasco State Prison in Wasco, California. Specifically, Plaintiff claims that since July 2, 2013, Katavich has failed to maintain sanitary living conditions in C-4-B Housing Unit.

## IV. DISCUSSION AND ANALYSIS.

### A. Eighth Amendment – Conditions of Confinement

The Eighth Amendment's prohibition against cruel and unusual punishment protects prisoners from inhumane conditions of confinement. Morgan v. Morgensen, 465 F.3d 1041, 1045 (9th Cir. 2006) (citing Farmer v. Brennan, 511 U.S. 825, 832 (1994)). Prison officials have a "duty to ensure that prisoners are provided with adequate shelter, food, clothing, sanitation, medical care, and personal safety." Johnson v. Lewis, 217 F.3d 726, 731 (9th Cir. 2000) (citations omitted).

To establish a violation of this duty, a prisoner must satisfy both an objective and subjective component. See Wilson v. Seiter, 501 U.S. 294, 298 (1991). First, a prisoner must demonstrate an objectively serious deprivation, one that amounts to a denial of "the minimal civilized measures of life's necessities." Keenan v. Hall, 83 F.3d 1083, 1089 (9th Cir. 1996) (quoting Rhodes v. Chapman, 452 U.S. 337, 346 (1981)). In determining whether a deprivation is sufficiently serious within the meaning of the Eighth Amendment, "the circumstances, nature, and duration" of the deprivation must be considered. Johnson, 217 F.3d at 731.

Second, a prisoner must also demonstrate that prison officials acted with a sufficiently culpable state of mind, that of "deliberate indifference." Wilson, 501 U.S. at 303; Johnson, 217 F.3d at 733. A prison official acts with deliberate indifference if he knows of and disregards an excessive risk to the prisoner's health and safety. Farmer, 511 U.S. at 837. In other words, the prison official "must both be aware of facts from which the inference could be drawn that a substantial risk of serious harm exists [to the inmate], and [the prison official] must also draw the inference." Id.

Plaintiff fails to demonstrate that he suffered an objective deprivation. The Ninth Circuit has previously determined that "[u]nquestionably, subjection of a prisoner to lack of sanitation that is

severe or prolonged can constitute an infliction of pain within the meaning of the Eighth Amendment. Anderson v. Cnty. of Kern, 45 F.3d 1310, 1314 opinion amended on denial of reh'g, 75 F.3d 448 (9th Cir. 1995) (holding an inmate must demonstrate that the sanitary limitations imposed on him or her were more than temporary).  According to Plaintiff, the C-4-B Housing unit contained, among other things, (1) "4 pissers/urinals (sic) that don't' work," (2) "fans are blowing dirty particles toward inmates especially in light of potential for Valley Fever," and (3) the presence of black mold on the shower walls. (Doc. 1 at 3).  Notably, Plaintiff signed the complaint on July 30, 2013, which is less 30 thirty days after Plaintiff alleges that that these conditions began. *See* Id.  More important, and determinative of the Court's order, Plaintiff fails to indicate how, if at all, these sanitary conditions have caused him harm.

Plaintiff also fails to demonstrate that Katavich possessed a subjectively culpable state of mind. Plaintiff appears to believe that Katavich somehow knew of the housing conditions in C-4-B Housing Unit by reason of his position as the Warden of Wasco State Prison.  To that extent, Plaintiff is advised that liability may not be imposed on supervisory personnel under § 1983 on the theory of *respondeat superior,* as each defendant is only liable for his or her own misconduct. Ewing v. City of Stockton, 588 F.3d 1218, 1235 (9th Cir. 2009). A supervisor may be held liable only if he or she "participated in or directed the violations, or knew of the violations and failed to act to prevent them." Taylor v. List, 880 F.2d 1040, 1045 (9th Cir.1989); *accord* Starr v. Baca, No. 09–55233, 2011 WL 477094 *4–5 (9th Cir. 2011); Corales v. Bennett, 567 F.3d 554, 570 (9th Cir.2009); Preschooler II v. Clark County School Board of Trustees, 479 F.3d 1175, 1182 (9th Cir.2007); Harris v. Roderick, 126 F.3d 1189, 1204 (9th Cir.1997).  Nowhere does Plaintiff aver that Katavich was aware of the prison conditions.  Thus, Plaintiff fails to state a cognizable claim under the Eighth Amendment.  Therefore, the claim is **DISMISSED.**[2]

///

///

---

[2] Though Plaintiff alleged another inmate submitted a "group appeal" of which, apparently he is a part, he admits the appeal was not addressed on its merits. (Doc. 1 at 2)  He fails to demonstrate that this "screen-out" order was appealed or the deficiencies in the original grievance were corrected and the grievance re-submitted.  Failing to demonstrate exhaustion *may* subject this matter to dismissal under the Prison Litigation Reform Act.

### B. Violation of the Americans With Disabilities Act

Plaintiff indicates that Katavich fails to provide facilities that are ADA compliant. The United States Supreme Court has determined that Title II of the Americans with Disability Act, 42 U.S.C. Section 12131 *et seq.*, which prohibits "public entities" from discriminating against individuals with disabilities because of their disability applies to state prisons and prisoners. *See* Pennsylvania Dept. Of Corrections v. Yeskey, 524 U.S. 206 (1998)("the [ADA's] language unmistakably includes State prisons and prisoners within its coverage"). A plaintiff states a cause of action under Title II of the ADA where he alleges that "(1) he is an individual with a disability; (2) he is otherwise qualified to participate in or receive the benefit of some public entity's services, programs, or activities; (3) he was either excluded from participation in or denied the benefits of the public entity's services, programs, or activities, or was otherwise discriminated against by the public entity; and (4) such exclusion, denial of benefits, or discrimination was by reason of his disability." Simmons v. Navajo County, Ariz., 609 F.3d 1011, 1021 (9th Cir. 2010). When alleging a cause of action for the failure to provide facilities that are accessible to people with disabilities, an inmate bears the burden of pleading "the existence of a reasonable accommodation that would enable him to participate in the program, service, or activity at issue." Pierce v. Cnty. of Orange, 526 F.3d 1190, 1217 (9th Cir. 2008) (internal citations and quotations omitted).

Nowhere does Plaintiff indicate he is a qualified individual with a disability. Neither does he aver that he was unable to access a facility or service due to any disability. Thus, Plaintiff fails to state a cognizable claim under the ADA. Therefore, the claim is **DISMISSED**.

### V. LEAVE TO AMEND

The Court will provide Plaintiff a <u>final</u> opportunity to amend his pleading to cure the deficiencies noted in this order. *See* Noll v. Carlson, 809 F.2d 1446, 1448-49 (9th Cir. 1987) ("A pro se litigant must be given leave to amend his or her complaint unless it is absolutely clear that the deficiencies of the complaint could not be cured by amendment.") (internal quotations omitted). In his amended complaint, **<u>Plaintiff must address the deficiencies noted here. Plaintiff is advised that his failure to do so will result in an order dismissing this action</u>**.

In addition, Plaintiff is cautioned that in his amended complaint, he may not change the nature of this suit by adding new, unrelated claims in his amended complaint. See George v. Smith, 507 F.3d 605, 607 (7th Cir. 2007) (no "buckshot" complaints). Plaintiff is also advised that once he files his amended complaint, his original pleadings are superseded and no longer serve any function in the case. *See* Loux v. Rhay, 375 F.2d 55, 57 (9th Cir. 1967). Thus, the amended complaint must be "complete in itself without reference to the prior or superceded pleading." Local Rule 220. "All causes of action alleged in an original complaint which are not [re-]alleged in an amended complaint are waived." King v. Atiyeh, 814 F.2d 565, 567 (9th Cir. 1987) (citations omitted). The amended complaint **may not exceed 20-pages, including any attached exhibits.**

## ORDER

Accordingly, and for the above state reasons, the Court **HEREBY ORDERS** that:

1. Plaintiff's complaint is (Doc. 1) is **DISMISSED with leave to amend**;
2. Plaintiff is granted **21 days** from the date of service of this order to file an amended complaint that addresses the deficiencies set forth in this order. The amended complaint must bear the docket number assigned to this case and must be labeled "First Amended Complaint;"
3. The Clerk of the Court is directed to send Plaintiff the form complaint for use in a civil rights action; and
4. **Plaintiff is firmly cautioned that failure to comply with this order will result in an order dismissing this action.**

IT IS SO ORDERED.

Dated:   **September 27, 2013**          **/s/ Jennifer L. Thurston**
                                        UNITED STATES MAGISTRATE JUDGE